# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:10cv104
# [CRIMINAL CASE NO. 1:08cr92]

| | |
|---|---|
| BELTRAN MORALES-ROBLERO, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM <br> AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## I. PROCEDURAL HISTORY

On August 27, 2008, the Petitioner was charged in a one-count Bill of Indictment with illegal reentry after deportation following conviction of an aggravated felony in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). [Criminal Case No. 1:08cr92, Doc. 7]. On October 31, 2008, the Petitioner entered a straight-up guilty plea to the Bill of Indictment. [Id., Doc. 15]. The Honorable Dennis L. Howell, United States Magistrate Judge, engaged the

Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id.]. On May 28, 2009, the Honorable Lacy H. Thornburg, United States District Judge, sentenced the Petitioner to 46 months of imprisonment and three years of supervised release. [Id., Doc. 23].

On June 3, 2009, the Petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeals. [Id., Doc. 21]. On appeal, the Petitioner argued that 8 U.S.C. §§ 1326(b)(1) and (2) are unconstitutional because these sections increase the statutory maximum sentence for a violation of 8 U.S.C. § 1326(a) on the basis of a defendant's prior criminal convictions. On January 21, 2010, in an unpublished decision, the Fourth Circuit affirmed this Court's judgment concluding that Petitioner's argument was foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). United States v. Morales Roblero, No. 09-4506, 2010 WL 236721 (4th Cir. Jan. 21, 2010).

This case has been assigned to the undersigned as Judge Thornburg has retired. The Petitioner filed this motion in which he claims that his trial attorney was ineffective for having failed to raise the issue of the constitutionality of 8 U.S.C. § 1326(b).

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that the Petitioner is not entitled to any relief on his claims.

The Petitioner claims that his trial counsel was ineffective for having failed to challenge the constitutionality of 8 U.S.C. §§ 1326(b)(1) and (2) on the basis that these sections increase the statutory maximum sentence for a violation of 8 U.S.C. § 1326(a) on the basis of a defendant's prior criminal convictions.[1]

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally

---

[1] The Court notes that the Petitioner raised two separate claims in his Motion to Vacate. The second claim, however, is essentially a rewording of the first claim. Therefore, the Court will consider the two claims as one claim of ineffective assistance of counsel.

3

deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. 2052.

To demonstrate prejudice, the Petitioner must show a probability that the alleged errors worked to his "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (quoting United States v. Frady, 456 U.S. 142, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Under these circumstances, the Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297. Therefore, if the Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998).

Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).  Critically, because the Petitioner's claim challenges an issue at sentencing, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which demonstrate a "'reasonable probability' that his sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

The Petitioner argues that his counsel was ineffective for failing to challenge the constitutionality of 8 U.S.C. §§ 1326(b)(1) and (2) on the basis that these sections increase the statutory maximum sentence for a violation of 8 U.S.C. § 1326(a) on the basis of a defendant's prior criminal convictions.

As the Fourth Circuit concluded, Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) forecloses the substantive claim that § 1326(b) is unconstitutional.  Because there is no merit to the underlying claim that § 1326(b) is unconstitutional in light of Almendarez -Torres, trial counsel cannot be considered deficient for failing to raise the claim.  Therefore, the Petitioner cannot establish either prong

5

of the Strickland test and his claim that his trial counsel was ineffective for failing to challenge the constitutionality of 8 U.S.C. § 1326(b) must be denied.

### III. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on his claim of ineffective assistance of counsel.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED AND DISMISSED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154

L.Ed.2d. 931 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct 1595, 146 L.Ed.2d 542 (2000)).

**IT IS SO ORDERED**.

Signed: May 31, 2010

Martin Reidinger
United States District Judge